IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ERIC L. WHITE                                                                                         PLAINTIFF

v.                                              Civil No. 4:16-cv-04005

SHERIFF BRIAN MCJUNKIN,
JANA TALLANT, and
JAILER DAWANDA SCHWOPE                                                              DEFENDANTS

**ORDER**

  Plaintiff Eric L. White proceeds in this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983.   The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 17.  Currently before the Court is Defendants' Motion to Dismiss.  ECF No. 20.  Plaintiff has not responded.

**BACKGROUND**

  On December 1, 2016, Defendants Bryan McJunkins, Jana Tallant and Dawanda Schwope filed a Motion to Compel (ECF No. 18) stating they first served Interrogatories and Requests for Production on Plaintiff on October 4, 2016.  The discovery requests were not returned as undeliverable and Plaintiff did not respond.  On November 8, 2016, Defendants attempted to resolve this discovery dispute in good faith without court intervention and sent correspondence to Plaintiff requesting his past-due discovery responses within fourteen (14) days informing Plaintiff if he failed to respond a motion to compel would be filed.  The correspondence was not returned as undeliverable.  Plaintiff again failed to respond.

  I granted Defendants' Motion to Compel on December 15, 2016, and ordered Plaintiff to provide Defendants with the required responses to the discovery requests by 5:00 p.m. on Friday, December 30, 2016.  I also advised Plaintiff that failure to comply with the Order may result in

the dismissal of this case. ECF No. 19. Defendants filed a Motion to Dismiss (ECF No. 20) on January 12, 2017, stating they have not received responses to their discovery requests sent to Plaintiff on October 4, 2016 and November 8, 2016.

## APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).

## DISCUSSION

Plaintiff failed to comply with this Court's Order directing Plaintiff to provide Defendants with responses to discovery requests. ECF No. 19. In addition, Plaintiff has not contacted the Court since November 16, 2016, and has failed to prosecute this matter. Accordingly, pursuant to

2

Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint is dismissed without prejudice for failure to comply with the Federal Rules of Civil Procedure and Local Rules, failure to comply with the Court's Order, and failure to prosecute this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 20) is **GRANTED** and Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice

**IT IS SO ORDERED this 27th day of January 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE